Spencer, J.
The report of the referees in these several actions should be set aside for error and irregularity in the manner of making the same.
It clearly appears to me, that no decision or conclusion in either of the cases, was ever reached or agreed to by the referees, at any time when they or any two of them were together. At the conclusion of the conference they had on June 6,1870, they separated without any decision or conclusion being reached or announced to each other, by any two of them. It appeared that they separated with the impression that a conclusion or report could not be made because of a diversity of opinion among them. It matters not how that impression was created. Its existence determines the fact, that at the time of their separation they had not, nor had any two of them, agreed upon any conclusion or decision, in either of the cases. Each had concluded that a decision could not be made, and'none was made.
They never afterwards met as referees ; never conferred together on the subject matter of the reference; never agreed as to ainy conclusion in the premises, when together, nor did any two of them, when together, agree to any conclusion or upon any report in the cases. The attorney or counsel for the several defendants drew up a formal report, which two of the referees signed, without any conference, or coming together, or agreeing together, at the same time and place, upon the conclusions of fact and law embodied in the report.' I hold this action to be irregular and improper, on the part of the referees, in the performance of their duties, and of sufficient importance, in the *134 way of error on their part, as to authorize and justify this court in vacating and setting aside their report.
I fail to discover any breach of good faith in this matter on the part of the referees or the attorney for the defendant. I have no doubt they each meant to act legally and properly in the premises, and supposed they were so doing, in all respects ; but I think it very clearly appears from the testimony, that this report would not have been made by the two referees, unless they had been stimulated by the advice and energetic action of the defendant’s counsel, all of which appears to have reached and affected each of them separately, and in the absence of the other or others, and also in the absence of plaintiff’s counsel. The regular and proper course for the defendant’s counsel to have pursued in the premises, would have been to have obtained another meeting of all the referees, if practicable, and to have advised or claimed a report from a majority, in the presence of opposing counsel.
I hold that in all reference cases, there must be a conference of all the referees. That there must be a substantial conclusion agreed to between, at least, two' of the referees, upon the several questions of law and fact, necessary to be embodied in the report, at such conference, or when they are together, and I am much inclined to believe that the written report should be considered and signed by them at the same time and place, although this latter conclusion may be deemed extended and doubtful, under the decisions. I can find no special case that I consider authoritative and decisive as a precedent to guide the conclusion of the court in this case, although the principle that should govern the same clearly appears.
The Code and statute prescribe that all the referees shall hear all the proofs and allegations of the parties, and provides that any two of them may make a report in the case. The expressed opinions of the judges in *135 the cases upon this subject, seem to hold, that the referees must all meet and. confer together and conclude upon their decision and findings in a case, upon those proofs and allegations, but they are silent upon the legal points involved in this case.
First. After the hearing of a cause before three referees, and after a consultation in which they, or any two of them, fail to agree upon a conclusion in the case, or decide upon any findings of law or fact whatsoever, can two of them, afterwards, without another meeting of all, agree to a conclusion and make a report, without a conference or consultation of all the referees? or,
Second. As in this case. After separating without agreeing to any conclusions of fact or law, as a basis of a report and without agreeing to report at all, except the fact of a disagreement, can two of these referees make a report by signing, separately, written conclusions of fact and law, without meeting together and agreeing to gether to make and sign the same, and without any further meeting of all the referees ?
i Third. Can referees, or two of them, make and sign a formal report and decision of the case separately and at different times and places? I am clearly of the opinion that the first and second queries should be answered in the negative, and that is. sufficient for this case. Eeferees should be held to a strict and impartial performance of their duties, and if this high standard should be extended to making and signing their report at the same time and place, I can see no wrong thereby to be done, and much to be avoided. I hold the ‘practice illustrated in this case to be irregular and erroneous, and contrary to the principles that should govern reference cases; and I hold this without suggesting a suspicion as to the good faith and intentions of the referees in the premises, and without reference to their subsequent agreement or present *136 opinions as to the correctness of their conclusions in the case.
The approval of such a practice would open the door widely for the perpetration of great frauds, and for the practice of improper influence upon the action of referees.
I take this opportunity to say that I hold, as an opinion of the proper practice in like cases, that after the submission of a controversy, a referee should not consult with, nor receive any suggestion or advice from any of the parties or their respective counsel, in regard to the subject matter of the reference, or to his findings, or report therein, except in the presence of the opposing party or his counsel. Referees, like judges, should avoid even the appearance or suspicion of unfairness or prejudice in the performance of their duties, and in all cases where they deem it necessary to hear the views of counsel, or obtain their assistance in regard to the case, or as to the form and substance of » their report, they should exercise their undoubted power and privilege, by calling the respective counsel of both parties before them for that purpose, or request each of them to furnish a proposed formal report, that should be made upon the general conclusions they have reached in the cause.
This report must be set aside, the order of the special term reversed, the order of reference vacated and a new trial ordered, costs to abide the event of the same.
Judge McCüntí wrote a concurring opinion, which the reporters have been unable to obtain.